Nicholas A. GREEN, Plaintiff,

v.

FORD MOTOR COMPANY, Defendant.

No. 94S00–1007–CQ–348.

Supreme Court of Indiana.

July 27, 2010.

*PUBLISHED ORDER ACCEPTING CERTIFIED QUESTION*

BRENT E. DICKSON, Acting Chief Justice.

Pursuant to Indiana Appellate Rule 64, the United States District Court for the Southern District of Indiana has certified a question of Indiana state law for this Court's consideration. The question arises in *Green v. Ford Motor Co.*, Case No. 1:08–cv–0163–LJM–TAB, 2010 WL 2673926 (S.D.Ind.). The question, as framed by the district court, is:

"Whether, in a crashworthiness case alleging enhanced injuries under the Indiana Products Liability Act, the finder of fact shall apportion fault to the person suffering physical harm when that alleged fault relates to the cause of the underlying accident."

The certified question, which each member of this Court has considered, is hereby ACCEPTED pursuant to Indiana Appellate Rule 64.

The Court further directs as follows:

a) There shall be simultaneous briefing of this matter. The parties are each allowed a main brief and a response brief. The plaintiff's briefs shall be bound with blue covers; the defendants' briefs with red covers. The two main briefs shall, to the extent reasonably practicable, conform to the provisions of Appellate Rule 46(A), and may not exceed 8400 words, exclusive of the items listed in Appellate Rule 44(C). The two response briefs may not exceed 2400 words, exclusive of the items listed in Appellate Rule 44(C). The two main briefs and the appendix must be filed by **Friday, August 27, 2010.** The two response briefs must be filed by Friday, **September 17, 2010.**

b) Except to the extent this order directs otherwise, the four briefs shall substantially conform to the provisions of Appellate Rules 43 and 44. The briefs shall be accompanied by the verified statement of word count referred to in Appellate Rule 44(F).

c) In addition, an appendix shall be filed containing copies of documents from the federal court case that the parties believe are necessary or helpful for deciding the questions, including, as applicable, the items listed in Appellate Rule 50. It is anticipated that the parties will confer and agree on the materials to be included in an appendix. In addition to the matters included by the parties per their conference and agreement, the appendix shall also contain the Corporate Disclosure Statement filed in the District Court on or about February 11, 2008. The parties should avoid unnecessary inclusion in the appendix of "memorandums of law" filed in the district court, since all necessary legal arguments should be presented to this Court in the briefs described in the preceding paragraph. The cover of the appendix shall be blue and labeled "Plaintiff's Appendix." The original and eight copies of each brief, the original appendix, and any other filings in this matter shall be

filed with the Clerk of the Indiana Supreme Court.

d) In addition to the service requirements contained in Appellate Rule 24, the parties shall also serve each other, no later than the date the document is filed, via electronic mail.

e) The parties shall file appearance forms within thirty (30) days of this order or contemporaneously with the first document filed by the appearing party, whichever comes first, as required by Appellate Rule 16(C). The appearance forms shall include electronic mail addresses for each attorney appearing in this case. These e-mail addresses shall be used in this case for transmission of all orders, opinions, and notices from the Clerk of this Court. *See* Ind. Appellate Rule 26. In addition, any attorney wishing to appear in this proceeding who has not been admitted to practice law in Indiana must comply with Indiana Admission & Discipline Rule 3, section 2, concerning temporary admission. The Court informs counsel that complying with Rule 3, section 2's requirements for temporary admission can, for some, prove somewhat time-consuming; therefore, affected counsel are encouraged to undertake meeting those requirements as soon as possible.

f) Extensions of time will be granted only in **truly extraordinary circumstances** and any motion seeking an extension of time must be made jointly by the parties.

g) An order scheduling oral argument in this matter shall be issued at a later date.

h) No later than two (2) weeks after the conclusion of this matter before this Court, the parties shall supply, in ".pdf" format via CD–Rom, file-stamped copies of all documents filed in this case, including the orders and opinions issued by this Court, to the Clerk of the United States District of Court for the Southern District of Indiana.

The Clerk is directed to send a copy of this order to the Hon. Larry J. McKinney, United States District Judge; to Laura Briggs, Clerk of the U.S. District Court for the Southern District of Indiana; to the Supreme Court Administration Office; to Todd A. Croftchick, SEIPP & FLICK LLP; to Bradley M. Lakin, LAKIN CHAPMAN LLC; James O. McDonald, EVERETT EVERETT & McDONALD; David V. Scott, Sr., SCOTT, FORREST & BOURNE; and Nelson D. Alexander, Richelle M. Harris, Randall R. Riggs, and Kevin C. Schiferl, FROST BROWN TODD LLC. The Clerk is also directed to post this order to the Court's website, and Thomson Reuters is directed to publish this order in the bound volumes this Court's decisions.